United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH THOMAS,<br><br>        Plaintiff,<br>   v.<br><br>SECURITY INDUSTRY SPECIALISTS, INC., et al.,<br><br>        Defendants. | Case No. 5:19-cv-05770-EJD<br><br>**ORDER DISMISSING ADA CLAIM; GRANTING MOTION TO REMAND; DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 8, 11 |

Plaintiff Sarah Thomas ("Plaintiff") initiated this suit in state court asserting various employment discrimination claims arising under state law and the Americans with Disabilities Act ("ADA"). On September 13, 2019, Defendant Security Industry Specialists, Inc. ("Defendant") removed the case to federal court on the basis of federal question jurisdiction. Dkt. No. 1. Plaintiff now moves to remand, asserting that removal was improper. Dkt. No. 11. Plaintiff essentially asserts that the Complaint only refers to the ADA to support Plaintiff's claim under the California Fair Employment and Housing Act ("FEHA"). *Id*. In the alternative, Plaintiff requests leave to file a First Amended Complaint which only contains state law claims and not the ADA and thereafter to remand the action. *Id*. Defendant moves to dismiss and to compel arbitration. Dkt. No. 8. For the reasons stated below, the Court orders Plaintiff's ADA claim dismissed with prejudice, grants Plaintiff's motion to remand, and declines to rule on Defendant's motion.

I. **BACKGROUND**

In August of 2019, Plaintiff initiated suit in the Superior Court of California for the County of Santa Clara against her former employer, Defendant, and two former supervisors,

Case No.: 5:19-cv-05770-EJD
ORDER DISMISSING ADA CLAIM; GRANTING MOTION TO REMAND; DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS

1

1  Defendants William Duncan and Jesse Antonio. Dkt. No. 2. The Complaint alleged causes of

2  action for gender discrimination; sexual harassment; retaliation; disability discrimination;

3  violation of California Labor Code section 1102; "Failure to Engage in a Good Faith Interactive

4  Process"; and constructive discharge. *Id*. On September 13, 2019, Defendant timely removed on

5  the basis of federal question jurisdiction based on Plaintiff's sixth cause of action, entitled

6  "Violation of the Americans With Disabilities Act and Disability Discrimination Under FEHA."

7  *Id*. On September 20, 2019, Defendant filed a motion to dismiss and to compel arbitration. Dkt.

8  No. 8. The next day, Plaintiff filed a motion to remand. Dkt. No. 11. Co-defendants William

9  Duncan and Jesse Antonio have filed a Notice of Joinder and Joinder To Defendant's (1) Notice of

10 Removal and (2) Motion to Dismiss and Compel Arbitration. Dkt. No. 27.

**II. DISCUSSION**

Plaintiff first contends that the case was improperly removed because the sixth cause of action "is only based upon the ADA to the extent that California's state disability laws (like the laws of many states) have embraced the ADA." Pl.'s Motion To Remand at 6. The Court rejects Plaintiff's argument because the Complaint alleges that "This [Sixth] Cause of Action is also brought pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) which provides that employment discrimination is prohibited against 'qualified individuals with disabilities.'" Compl. ¶ 72. Therefore, removal was proper.

In the alternative, Plaintiff requests leave to file a First Amended Complaint which only references FEHA and not the ADA, and then to have the suit remanded. Pl.'s Motion to Remand at 4:17-18. In response, Defendant argues that post-removal events cannot deprive a federal court of jurisdiction. Def.'s Opp'n at 3. In doing so, Defendant misses the mark. The issue is not whether this Court has jurisdiction; the Court clearly does because the Complaint included a claim under the ADA, as discussed above. And Plaintiff cannot divest this Court of jurisdiction by having the federal claim dismissed post-removal. *See e.g. Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by*

Case No.: 5:19-cv-05770-EJD
ORDER DISMISSING ADA CLAIM; GRANTING MOTION TO REMAND; DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS

2

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S.Ct. 1562 (2016) ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."); *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980) ("The general rule in diversity cases is that if the jurisdictional requisites are present when the action begins, subsequent events will not ordinarily defeat the district court's jurisdiction."); *Gillette v. Peerless Ins. Co.*, No. 13-3161 DDP, 2013 WL 3983872, at * 3 (C.D. Cal. July 31, 2013) ("Plaintiff's post-removal stipulation to cap her recovery at $74,999.00 does not operate to divest the court of jurisdiction.").

The relevant inquiry is whether Plaintiff may be permitted to amend her Complaint to omit the federal cause of action, and if so, whether the Court may, in its discretion, decline to exercise jurisdiction over the remaining state law causes of action and to remand the suit. Leave to amend a complaint is government by Rule 15, which provides that "the court should freely give leave when justice requires." Fed. R. Civ. P. 15(a)(2). In the absence of any specific objection by Defendant and in the interest of justice, the Court finds that Plaintiff may amend her Complaint to eliminate any references to the ADA. For the sake of efficiency, the Court orders the ADA claim dismissed rather than having Plaintiff file an amended complaint.

With any potential basis for a federal ADA claim eliminated, the issue becomes whether the Court should, in its discretion, retain pendant jurisdiction over the remaining state law claims or remand the action to state court. 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), citing *Mine Workers v. Gibbs*, 383 U.S. 715, (1966). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction" and either dismiss the case without prejudice or remand the case to state court. *Id*. at 349-351. In

Case No.: 5:19-cv-05770-EJD
ORDER DISMISSING ADA CLAIM; GRANTING MOTION TO REMAND; DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS

3

*Carnegie*, when the single federal claim was eliminated at an early stage of litigation, "the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Id*. at 351. Like *Carnegie*, the single federal claim in this case has been dismissed at an early stage of litigation. As such, this Court also has a "powerful reason to choose not to continue to exercise jurisdiction" over the instant action. *Id*.

Defendant contends that the Court should not condone Plaintiff's attempt to "manipulate" the case back to state court. Def.'s Opp. at 4. In *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1995), a similar issue arose in another employment discrimination case. The union defendants removed to federal court on the basis of federal subject matter jurisdiction. Post removal, plaintiffs sought to amend their pleadings to remove any potential bases for a federal claim and moved to remand the remaining state law claims. Although the district court granted the motion to remand, the court held that the plaintiffs had engaged in improper, manipulative pleading practices and awarded fees to the defendants. The Ninth Circuit reversed, reasoning that:

> A plaintiff is entitled to file both state and federal causes of action in state court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or dismiss them with leave of the court. The district court has discretion to grant or deny remand. Those are the pieces that comprise plaintiffs' allegedly manipulative pleading practices. We are not convinced that such practices were anything to be discouraged.
>
> The district court reasoned that plaintiffs had been "manipulative" because: "If plaintiffs wished to avoid federal court, they should have dropped their federal claims before ever filing a complaint." We disagree. Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

Case No.: 5:19-cv-05770-EJD
ORDER DISMISSING ADA CLAIM; GRANTING MOTION TO REMAND; DECLINING TO RULE ON DEFENDANT'S MOTION TO DISMISS

4

*Id*. at 490-91. The Ninth Circuit's reasoning in *Baddie* applies with equal force to the instant action. Plaintiff has not engaged in any manipulative pleading practices.

### III. CONCLUSION

For the reasons set forth above, all references to the ADA are stricken and the sixth cause of action for violation of the ADA is DISMISSED with prejudice. Plaintiff's motion to remand is GRANTED. The matter is ordered REMANDED to the Superior Court of the State of California, County of Santa Clara. Because the Court declines to exercise jurisdiction over the remaining state law claims, the Court will not rule on Defendant's motion to dismiss and to compel arbitration. Defendant's motion is terminated.

**IT IS SO ORDERED.**

Dated: January 6, 2020

EDWARD J. DAVILA
United States District Judge